UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION,
ANNUITY, AND VACATION FUNDS and
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL
PENSION FUND,

                Plaintiffs,

   -against-

ELITE TERRAZZO FLOORING, INC., *et al.*,
                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-01471 (CBA) (CLP)

**AMON, United States District Judge:**

Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund filed this action against defendants Elite Terrazzo Flooring, Inc., and Picnic Worldwide on March 9, 2018. (ECF Docket Entry ("D.E.") # 1.) Plaintiffs sued pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, to collect delinquent employer contributions owed to a group of employee benefit plans, and for declaratory relief. (Id. at ¶ 1.) Chief Magistrate Judge Pollak submitted a Report and Recommendation ("R&R") to this Court that resolves Plaintiffs' various motions for sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure. (D.E. # 84, resolving D.E. ## 65, 73, 76, and 79.) In the R&R, Chief Magistrate Judge Pollak grants Plaintiffs' motions for sanctions and recommends that this Court enter a default against Defendants if they fail to obtain new counsel who will engage in productive discovery.

1

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). The Court has reviewed the record and, finding no clear error, adopts the R&R.

As stated in the R&R: Mr. Abrahamsen's motion to withdraw is GRANTED, subject to his payment of the outstanding $5,892.10 owed pursuant to the Court's order of June 4, 2019. In addition to the outstanding $5,892.10, Plaintiffs shall be awarded $10,270.00 in attorneys' fees; the total amount, $16,162.10, is to be paid by Mr. Abrahamsen. Defendants are ORDERED to obtain new counsel no later than 14 days following the filing of this order; should Defendants fail to do so, the Court will strike Defendants' answer and enter a default against them. Should Defendants obtain new counsel, Plaintiffs' counsel is directed to file a status letter by May 1, 2020, advising the Court whether or not new defense counsel is engaging in productive discovery discussions. If the Court concludes, after giving defense counsel an opportunity to be heard, that Defendants are not engaging in productive discovery, the Court will similarly strike Defendants' answer and enter a default against them. Defendants' motion for additional sanctions is DENIED.

SO ORDERED.

Dated: March 11, 2020
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge