UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION, ANUITY,
AND VACATION FUNDS and TRUSTEES OF
THE BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,

      Plaintiffs,

 -against-

ELITE TERRAZZO FLOORING, INC. and
PICNIC WORLDWIDE LLC,

      Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-1471 (CBA) (CLP)

**AMON, United States District Judge:**

  Plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds, and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("Plaintiffs") brought this action against Elite Terrazzo Flooring, Inc. and Picnic Worldwide LLC ("Defendants") on March 9, 2018 seeking to collect delinquent employer contributions owed to a group of employee benefit plans and declaratory relief. (See ECF Docket Entry ("D.E.") # 1.) Plaintiffs moved on March 26, 2020 to strike Defendants' answer and for a default to be entered against Defendants due to their noncompliance with the orders of this Court, a request which was granted on March 30, 2020. (See D.E. ## 87, 88.) On March 31, 2020, the Clerk of Court entered a default against Defendants. (D.E. # 89.) Plaintiffs filed a motion for default judgment on April 28, 2020, which was referred to the Honorable Cheryl L. Pollak, Chief United States Magistrate Judge, for report and recommendation ("R&R"). (D.E. dated 4/28/2020.) On March 3, 2021, Chief Magistrate Judge Pollak issued a thorough and well-reasoned R&R recommending that Plaintiffs' motion be granted to the extent that Plaintiffs seek to recover unpaid settlement amounts

1

and an audit of defendant's books, but denied without prejudice as to their request for unpaid contributions. (D.E. # 99.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts the R&R. Accordingly, the Court orders that Plaintiffs' motion for default judgment be granted to the extent that Plaintiffs seek to recover unpaid settlement amounts and an audit of defendant's books, but denied without prejudice as to their request for unpaid contributions.

SO ORDERED.

Dated: March 25, 2021
      Brooklyn, New York                    /s/ Carol Bagley Amon
                                                      Carol Bagley Amon
                                                      United States District Judge