UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE MOSAIC AND TERRAZZO WELFARE, PENSION, ANNUITY, AND VACATION FUNDS, *et al.*,

                Plaintiffs,

        -against-

ELITE TERRAZZO FLOORING, INC.,

                Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 1471 (CBA) (CLP)

**POLLAK**, United States Magistrate Judge:

        On March 9, 2018, plaintiffs Trustees of The Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("plaintiffs") commenced this action against defendant Elite Terrazzo Flooring, Inc. ("defendant"), seeking damages for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3), and the Labor Management Relations Act of 1947, 29 U.S.C. § 185. (Compl.[1] ¶ 1).

        On March 11, 2020, the Court ordered defendant's counsel, Richard Abrahamsen, to withdraw as defendant's counsel, conditioned upon his payment of $16,162.10 in total sanctions. As of December 11, 2020, Mr. Abrahamsen still had not paid these sanctions. On that date, plaintiff filed a motion to hold Mr. Abrahamsen's law firms, Abrahamsen Law, LLC, and Richard J. Abrahamsen Law Firm LLC ("the law firms"), jointly and severally liable for the sanctions imposed against Mr. Abrahamsen. (Pl. Mot.[2]).

        For the following reasons, this Court respectfully recommends that the law firms be held

---

[1] Citations to "Compl." refer to the Complaint, filed on March 9, 2018, ECF No. 1.
[2] Citations to "Pl. Mot." refer to plaintiff's motion to hold the law firms liable for the sanctions imposed against Mr. Abrahamsen, ECF No. 96.

1

liable for the sanctions imposed against Mr. Abrahamsen, and that they be ordered to pay the $16,162.10 in sanctions due to plaintiffs.

FACTUAL BACKGROUND

In the Complaint, plaintiffs allege that defendants failed to make contributions to plaintiffs' labor-management trust fund. These contributions consisted of benefits earned by members of plaintiffs' unions between March 1 and June 7, 2015. (Compl. ¶ 23). In June 2015, federal and state court judgments were entered against defendant for a total of $1,548,472.02. (Id. ¶¶ 52-53). As of March 9, 2019, $694,761.16 remained outstanding on the judgments. (Id. ¶ 54).

On January 23, 2019, defendant's counsel, Mr. Abrahamsen, informed the Court of his intent to file a motion to compel arbitration. (See ECF No. 50). He claimed that the terms of the collective bargaining agreement between plaintiffs and defendant required arbitration of their dispute in accordance with AAA Rules of Labor Arbitration. (See ECF No. 60-2, ¶ 11). On March 1, 2019, plaintiffs filed a motion for sanctions against Mr. Abrahamsen and his law firm, Abrahamsen Law LLC. Plaintiffs alleged that Mr. Abrahamsen's motion lacked a reasonable basis in fact or law and they sought attorney's fees for the cost of responding to the motion, as well as additional sanctions of at least $10,000. (See ECF No. 55). On June 5, 2019, defendant's motion to compel arbitration was denied and plaintiffs' motion for sanctions was granted. Mr. Abrahamsen was ordered to pay plaintiffs $11,784.19 by June 19, 2019. (See ECF No. 62).

On March 11, 2020, the Court ordered the imposition of sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, against Mr. Abrahamsen for his failure to pay the sanctions

resulting from the June 5, 2019 Order, his misrepresentations to the Court and disregard of Court Orders, and his "stonewalling of discovery." Mr. Abrahamsen was ordered to withdraw as counsel for defendants subject to his payment of $5,892.10 to plaintiffs, representing the unpaid sum from the June 5, 2019 sanctions. Mr. Abrahamsen was ordered to pay plaintiffs the additional sum of $10,270 as sanctions for the remainder of his contemptuous conduct in this case, for a total of $16,162.10. (Rep. and Rec.[3] at 20-30).

Mr. Abrahamsen has yet to pay any of these sanctions. (Harras Aff.[4] ¶ 3). Plaintiffs' subpoenas to third parties have not identified any personal assets of Mr. Abrahamsen against which plaintiffs may enforce the judgment. They have, however, identified assets of his law firm, Abrahamsen Law LLC, against which the judgment may be enforced. (Id. ¶¶ 8-9, Exs. D-E). Mr. Abrahamsen has not filed any brief in opposition to plaintiff's motion, nor did he appear for the hearing on the motion. (Minute Entry dated 2/17/2021).

## DISCUSSION

### A. Legal Standard

Rule 11(c) of the Federal Rules of Civil Procedure establishes that, upon violation of Rule 11(b), a court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" and specifies that "absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c). Thus, where attorneys have engaged in

---

[3] Citations to "Rep. and Rec." refer to the Report & Recommendation recommending Mr. Abrahamsen's withdrawal subject to his payment of sanctions, issued February 20, 2020, ECF No. 84. The Report and Recommendation was adopted on March 11, 2020 at ECF No. 85.

[4] Citations to "Harras Aff." refer to the Affidavit of John Harras, plaintiff's counsel, in support of plaintiff's motion to hold the law firms liable for Mr. Abrahamsen's sanctions. Filed December 11, 2020, ECF No. 96-1.

sanctionable conduct by violating Rule 11(b), courts have "mandated" that law firms "shall be held jointly responsible for their respective attorneys' violations." In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig., 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010).  See also Bunnell v. Haghighi, 183 F. Supp. 3d 364, 375 (E.D.N.Y. 2016) (imposing sanctions against plaintiff's attorney and his law firm after counsel violated Rule 11(b)(3) by refusing to withdraw false assertions and to obey court orders); Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc., No. 06 CV 105, 2008 WL 877203, at *8 (E.D.N.Y. Apr. 1, 2008) (holding law firm jointly responsible for Rule 11(b)(3) sanctions imposed upon an attorney of the firm for making factually unsupported contentions to the court); Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. 391, 393 (E.D.N.Y. 1995) (imposing sanctions on plaintiff's attorneys' law firm because plaintiff filed a complaint in defiance of court order, thus violating Rule 11).

**B.  Analysis**

In the instant case, the District Judge has already determined that Mr. Abrahamsen's decision to file a motion to compel arbitration (ECF No. 50) was a violation of Rule 11(b).  The motion was deemed to have been filed frivolously, without any support in law or fact, and the court imposed sanctions on June 5, 2019, ruling that no reasonable attorney would have believed that the motion would succeed.  (See ECF No. 62 at 13-14).  When Mr. Abrahamsen failed to comply with the court's Order to pay the sanctions, this Court imposed additional sanctions on March 11, 2020 based on his continued disregard of the court's orders and his failure to provide discovery.

In Bunnell v. Haghighi, the court cited Fed. R. Civ. P. 11(c) to hold a law firm jointly liable for an attorney's noncompliance with court orders -- the exact same type of attorney

4

misconduct as that engaged in by Mr. Abrahamsen that resulted in the imposition of sanctions on March 11, 2020.  Bunnell v. Haghighi, 183 F. Supp. 3d at 375.  Thus, Rule 11 sanctions can be imposed upon the law firms for Mr. Abrahamsen's delinquency in paying his June 5, 2019 and March 11, 2020 sanctions.

It is important to note that, pursuant to Rule 11, Mr. Abrahamsen was given the opportunity to identify "exceptional circumstances" that would exempt his firm from joint liability.  However, he chose not to file an opposition to plaintiffs' motion, and he failed to appear for a Show Cause hearing scheduled for February 17, 2021.  Fed. R. Civ. P. 11(c).

Therefore, this Court respectfully recommends that the law firms be held jointly liable for Mr. Abrahamsen's violation of Rule 11(b) in the filing of the motion to compel arbitration.  Fed. R. Civ. P. 11(c); see also In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig., 712 F. Supp. 2d at 271; Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc., 2008 WL 877203 at *8; Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. at 393.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiffs' motion to hold Abrahamsen Law, LLC and Richard J. Abrahamsen Law Firm, LLC jointly and severally liable for Mr. Abrahamsen's violations of Rule 11(b) be granted, and that the law firms be ordered to pay the $16,162.10 of sanctions still due to plaintiffs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor

v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 2, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York