Clerk's Office
Filed Date: 9/15/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION,
ANNUITY, AND VACATION FUNDS,

                Plaintiffs,

   -against-

ELITE TERRAZZO FLOORING, INC.,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-01471 (CBA) (CLP)

**AMON, United States District Judge:**

    On March 9, 2018, Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("Plaintiffs") filed suit against defendants Elite Terrazzo Flooring, Inc. and Picnic Worldwide LLC. ("Defendants"). Plaintiffs alleged violations of Section 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") seeking to collect delinquent employer contributions to a group of employee benefit plans as well as declaratory relief and other related relief. The current motion relates to Plaintiffs' motion to hold law firms controlled by Defendants' former counsel, Richard Abrahamsen, jointly and severally liable for sanctions imposed against Mr. Abrahamsen on June 5, 2019 and March 11, 2020. A relevant factual background is as follows.

    On January 23, 2019, Mr. Abrahamsen informed the court of his intent to file a motion to compel arbitration, arguing that the collective bargaining agreement between Plaintiffs and Defendants required arbitration of their dispute. On March 1, 2019, Plaintiffs filed a motion for sanctions against Mr. Abrahamsen and his law firm, Abrahamsen Law LLC, arguing that his motion lacked a reasonable basis in fact or law and seeking attorney's fees for the cost of responding to the motion. (ECF Docket Entry ("D.E.") No. 55.) I granted that motion for sanctions

on June 5, 2019 and ordered Mr. Abrahamsen to pay Plaintiffs $11,784.19 by June 19, 2019. (D.E. No. 62.)

Mr. Abrahamsen paid Plaintiffs only part of the $11,784.19 in sanctions. On July 8, 2019, Plaintiffs filed a motion for contempt due in part to Mr. Abrahamsen's failure to pay the sanctions in full. (D.E. No. 65.) On November 25, 2019, Chief United States Magistrate Judge Cheryl L. Pollak ordered Defendant to show cause why Plaintiff's request for sanctions should not be imposed. On December 5, 2019, Mr. Abrahamsen filed a letter with the court requesting permission to withdraw as counsel for Defendants. (D.E. No. 77.) On December 16, 2019, Magistrate Judge Pollak held a hearing to show cause that neither Mr. Abrahamsen nor Defendants attended. (D.E. No. 78.) On February 20, 2020, Magistrate Judge Pollak issued a report and recommendation, which recommended that I grant Mr. Abrahamsen's motion to withdraw subject to his payment of the outstanding $5,892.10 balance of his June 19, 2019 sanctions. In addition, Magistrate Judge Pollak recommended additional sanctions against Mr. Abrahamsen due to his failure to pay the full balance of the June 19, 2019 sanctions, his misrepresentations to the Court, his disregard of Court orders, and his interference with discovery. (D.E. No. 84.) On March 11, 2020, I adopted Magistrate Judge Pollak's report and recommendations in full. (D.E. No. 85.)

Between his outstanding sanctions from the June 19, 2019 Order and the new sanctions under the March 11, 2020 Order, Mr. Abrahamsen was ordered to pay the Plaintiffs a sum of $16,162.10. (D.E. No. 105 ("R&R") at 3.) Mr. Abrahamsen has yet to pay any of these sanctions. On December 11, 2020, Plaintiffs filed a motion to hold Mr. Abrahamsen's law firms, Abrahamsen Law, LLC, and Richard J. Abrahamsen Law Firm LLC, jointly and severally liable for the sanctions imposed against Mr. Abrahamsen. Magistrate Judge Pollak submitted a report and

recommendation on August 2, 2021 recommending that I grant Plaintiffs' motion to hold Mr. Abrahamsen's law firms jointly and severally liable for his sanctions.

No party has objected to the report and recommendation, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the report and recommendation.

SO ORDERED.

Dated: September 15, 2021
       Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge