Clerk's Office
Filed Date: 2/28/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION,
ANNUITY, AND VACATION FUNDS and
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL
PENSION FUND

                    Plaintiffs,

   -against-

ELITE TERRAZZO FLOORING, INC. and
PICNIC WORLDWIDE LLC,

                    Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-01471 (CBA) (CLP)

**AMON, United States District Judge:**

On March 9, 2018, Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("Plaintiffs") filed suit against defendants Elite Terrazzo Flooring, Inc. and Picnic Worldwide LLC ("Defendants"). Plaintiffs alleged violations of Section 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA") and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") seeking to collect delinquent employer contributions to a group of employee benefit plans as well as declaratory relief and other related relief. This order arises out of Plaintiffs' April 27, 2021 amended motion for default judgment against Defendants.

On March 31, 2020, the Clerk of Court entered a default against Defendants, (ECF Docket Entry ("D.E.") # 89), and on April 28, 2020, Plaintiffs filed their first motion for default judgment, (D.E. # 90). I referred that motion to the Honorable Cheryl L. Pollak, Chief United States Magistrate Judge for Report and Recommendation ("R&R"), and on March 3, 2021, Chief Magistrate Judge Pollak issued an R&R recommending that I grant in part and deny in part Plaintiffs' motion. (D.E. # 99.) Specifically, the R&R recommended that Plaintiffs' request for

1

unpaid contributions, prejudgment interest, liquidated damages, and attorneys' fees be denied without prejudice. Chief Magistrate Judge Pollak also recommended that I grant Plaintiffs' default judgment motion for unpaid settlement amounts and costs, totaling $695,645.08. (Id. at 2.) I adopted the R&R on March 25, 2021. (D.E. # 100.)

In light of the March 25, 2021 order, Plaintiffs filed a motion to amend their first motion for default judgment on April 27, 2021. (D.E. # 102.) On April 30, 2021, I referred that motion to Chief Magistrate Judge Pollak for R&R. Chief Magistrate Judge Pollak issued her R&R on the amended motion on November 9, 2021. (D.E. # 111 ("R&R").) In that R&R, Chief Magistrate Judge Pollak recommended that I grant the Plaintiffs' amended motion for default judgment and that I award the requested unpaid contributions, post-judgment interest, interest on unpaid contributions, liquidated damages, and attorneys' fees. (Id. at 18.)

Chief Magistrate Judge Pollak explained that, in their initial default judgment motion, Plaintiffs "failed to explain why they were entitled to recovery on several line items." (Id. at 5.) Accordingly, in her March 2021 R&R, Chief Magistrate Judge Pollak recommended denying an award of interest on the unpaid contributions, liquidated damages, and attorneys' fees. In their amended motion, Plaintiffs provided additional documentation supporting recovery for unpaid contributions, post-judgment interest, interest on unpaid contributions, liquidated damages, and attorneys' fees. (Id. at 6.) As a result, Chief Magistrate Judge Pollak recommended that I grant Plaintiffs' amended motion for default judgment, and award Plaintiffs' $191,699.36 in unpaid contributions, $11,086.40 in post-judgment interest, $111,320.68 in interest on the unpaid contributions, $38,333.87 in liquidated damages, and $112,678.50 in attorneys' fees for a total of $465,088.81. (Id. at 18.) Consistent with the Court's prior ruling that Defendants are "alter egos,"

Chief Magistrate Judge Pollak recommended that I find Defendants jointly and severally liable for the total. (Id.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). I have reviewed the record, and finding no clear error, I adopt the R&R.

Accordingly, I grant Plaintiffs' amended motion for default judgment, and grant Plaintiffs the following relief:

- $191,699.36 in unpaid contributions;
- $11,086.40 in post-judgment interest;
- $111,320.68 in interest on the unpaid contributions;
- $38,333.87 in liquidated damages, and;
- $112,678.50 in attorneys' fees.

I also find that Picnic Worldwide and Elite Terrazzo are "alter egos," and that they are jointly and severally liable for the above total. (D.E. # 99 at 14; D.E. # 100 at 2.)

SO ORDERED.

Dated: February 28, 2022
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge