UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE MOSAIC AND TERRAZZO WELFARE, PENSION, ANNUITY, AND VACATION FUNDS, *et al.*,

                    Plaintiffs,

          -against-

ELITE TERRAZZO FLOORING, INC.,

                    Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18 CV 1471 (CBA) (CLP)

**POLLAK**, United States Magistrate Judge:

        On March 9, 2018, plaintiffs Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds, and Trustees of the Bricklayers & Trowel Trades International Pension Fund (collectively, "plaintiffs" or the "Funds"), commenced this action against defendants Elite Terrazzo Flooring, Inc. and Picnic Worldwide LLC ("defendants"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, seeking declaratory relief and to collect delinquent employer contributions owed to a group of employee benefit plans. (Compl.[1] ¶ 1).

        On September 15, 2021, the Court held defendants' counsel, Richard Abrahamsen, and his law firms, Abrahamsen Law, LLC, and Richard J. Abrahamsen Law Firm LLC ("the prior firms"), jointly and severally liable for the sanctions previously imposed against Mr. Abrahamsen. (See ECF Nos. 105, 106). Neither Mr. Abrahamsen nor either of the prior firms had paid the sanctions as of October 22, 2021. On that date, plaintiffs filed a letter motion to hold a new firm, AbrahamsenGrant LLC (the "Law Firm"), jointly and severally liable for the

---

[1] Citations to "Compl." refer to the Complaint filed on March 9, 2018, ECF No. 1.

1

sanctions as well. (Pls.' Mot.[2]).

For the following reasons, this Court respectfully recommends that the Law Firm be held liable for the sanctions imposed against Mr. Abrahamsen, and that it be ordered to pay the $16,162.10 in sanctions due to plaintiffs.

## FACTUAL BACKGROUND

In the Complaint, plaintiffs allege that defendants failed to make contributions to plaintiffs' labor-management trust fund. These contributions consisted of benefits earned by members of plaintiffs' unions between March 1 and June 7, 2015. (Compl. ¶ 23). In June 2015, federal and state court judgments were entered against defendant for a total of $1,548,472.02. (Id. ¶¶ 52-53). As of March 9, 2019, $694,761.16 remained outstanding on the judgments. (Id. ¶ 54).

On February 28, 2022, this Court granted plaintiffs' motion for default judgment, Ordering defendants to pay $191,699.36 in unpaid contributions, $11,086.40 in post-judgment interest, $111,320.68 in interest on the unpaid contributions, $38,333.87 in liquidated damages, and $112,678.50 in attorney's fees. (ECF No. 112). The Court also found that defendants Picnic Worldwide and Elite Terrazzo are "alter egos," and that they are jointly and severally liable for the total. (Id.)

The facts regarding the sanctions imposed against Mr. Abrahamsen, counsel for defendants, are set forth more fully in the Court's September 15, 2021 Order holding Abrahamsen Law LLC and Richard J. Abrahamsen Law Firm LLC jointly and severally liable. (See ECF No. 106). After defendants' counsel filed a motion to compel arbitration, plaintiffs filed a motion for sanctions against Mr. Abrahamsen and his law firm, Abrahamsen Law LLC,

---

[2] Citations to "Pl. Mot." refer to plaintiffs' motion to hold the law firm AbrahamsenGrant LLC liable for the sanctions imposed against Mr. Abrahamsen, ECF No. 109.

alleging that the motion lacked a reasonable basis in fact or law. (See ECF No. 55). On June 5, 2019, defendants' motion to compel arbitration was denied and plaintiffs' motion for sanctions was granted. Mr. Abrahamsen was ordered to pay plaintiffs $11,784.19 by June 19, 2019. (See ECF No. 62).

However, Mr. Abrahamsen only paid part of those sanctions, and on March 11, 2020, the Court ordered the imposition of additional sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure, against Mr. Abrahamsen for his failure to pay the sanctions resulting from the June 5, 2019 Order, among other reasons. (See ECF No. 106). Mr. Abrahamsen was Ordered to withdraw as counsel for defendants subject to his payment of $5,892.10 to plaintiffs, representing the unpaid sum from the June 5, 2019 sanctions Order. (Id.) Mr. Abrahamsen was also Ordered to pay plaintiffs the additional sum of $10,270 as sanctions for the remainder of his contemptuous conduct in this case, for a total of $16,162.10. (Id.)

As of December 11, 2020, Mr. Abrahamsen still had not paid these sanctions. On that date, plaintiff filed a motion to hold the prior firms jointly and severally liable for the sanctions imposed against Mr. Abrahamsen. (See ECF No. 96). On February 8, 2021, this Court issued an Order to Show Cause, setting a hearing for February 16, 2021. (See ECF No. 98). Mr. Abrahamsen failed to appear. On September 15, 2021, this Court granted plaintiffs' motion, holding Abrahamsen Law, LLC and Richard J. Abrahamsen Law Firm, LLC jointly and severally liable for the sanctions. (See ECF Nos. 105, 106).

Neither Mr. Abrahamsen nor either of the prior firms have yet to pay any of these sanctions. (Harras Aff.[3] ¶ 3). Plaintiffs' subpoenas to third parties, including the banking

---

[3] Citations to "Harras Aff." refer to the Affidavit of John Harras, Esq., plaintiffs' counsel, in support of plaintiffs' motion to hold the Law Firm AbrahamsenGrant LLC liable for the sanctions imposed against Mr. Abrahamsen, dated Oct. 21, 2021, ECF No. 109-1.

institutions of the prior law firms, have not identified any personal assets of Mr. Abrahamsen against which plaintiffs may enforce the judgment, although they previously revealed Mr. Abrahamsen's association with the prior firms. (Id. ¶¶ 5-6). In addition, through Mr. Abrahamsen's communications with plaintiffs' counsel's firm "in connection with unrelated matters," plaintiffs' counsel has discovered that Mr. Abrahamsen is also associated with the law firm AbrahamsenGrant, LLC, which was incorporated on September 30, 2019 in New Jersey. (Id. ¶ 7). AbrahamsenGrant, LLC shares an address with the two prior law firms and the paperwork associated with the Law Firm indicates that Mr. Abrahamsen is a "principal." (Id.; see ECF No. 109-2). Mr. Abrahamsen has not filed any brief in opposition to plaintiffs' motion.

DISCUSSION

**A. Legal Standard**

Rule 11(c) of the Federal Rules of Civil Procedure establishes that, upon violation of Rule 11(b), a court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation" and specifies that "absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c). Thus, where attorneys have engaged in sanctionable conduct by violating Rule 11(b), courts have "mandated" that law firms "shall be held jointly responsible for their respective attorneys' violations." In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig., 712 F. Supp. 2d 255, 271 (S.D.N.Y. 2010); see also Bunnell v. Haghighi, 183 F. Supp. 3d 364, 375 (E.D.N.Y. 2016) (imposing sanctions against plaintiff's attorney and his law firm after counsel violated Rule 11(b)(3) by refusing to withdraw false assertions and refusing to obey court orders); Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc., No. 06 CV 105, 2008 WL 877203, at *8 (E.D.N.Y. Apr. 1, 2008) (holding law

4

firm jointly responsible for Rule 11(b)(3) sanctions imposed upon an attorney of the firm for making factually unsupported contentions to the court); Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. 391, 393 (E.D.N.Y. 1995) (imposing sanctions on plaintiff's attorneys' law firm because plaintiff filed a complaint in defiance of court order, thus violating Rule 11).

**B. Analysis**

In the instant case, the District Judge has already determined that Mr. Abrahamsen's decision to file a motion to compel arbitration was a violation of Rule 11(b) in that it was filed frivolously and without any support in law or fact, and imposed sanctions. (See ECF No. 62). When Mr. Abrahamsen failed to comply with the Court's Order to pay the sanctions, this Court imposed additional sanctions on March 11, 2020 based on his continued disregard of the Court's orders and his failure to provide discovery. (See ECF No. 106). Further, the Court held the prior firms jointly and severally liable for the sanctions imposed on September 15, 2021, noting that this Court has previously held a law firm jointly and severally liable for an attorney's noncompliance with court orders. (Id.); see Bunnell v. Haghighi, 183 F. Supp. 3d at 375. Thus, Rule 11 sanctions can be imposed upon the Law Firm for Mr. Abrahamsen's failure to comply with the Court's sanctions Orders of June 5, 2019 and March 11, 2020.

Further, pursuant to Rule 11, Mr. Abrahamsen was given the opportunity to identify any "exceptional circumstances" that would exempt his firm from joint liability. However, he chose not to file an opposition to either of plaintiffs' motions, nor did he appear for the Show Cause hearing in connection with the initial sanctions. Fed. R. Civ. P. 11(c).

Therefore, this Court respectfully recommends that the Law Firm, AbrahamsenGrant, LLC be held jointly liable for Mr. Abrahamsen's violation of Rule 11(b) in the filing of the

motion to compel arbitration and for the additional sanctions imposed by this Court on March 11, 2020.  See Fed. R. Civ. P. 11(c); see also In re Australia & New Zealand Banking Grp. Ltd. Sec. Litig., 712 F. Supp. 2d at 271; Gowanus Indus. Park, Inc. v. Arthur H. Sulzer Assocs., Inc., 2008 WL 877203 at *8; Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. at 393.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that plaintiffs' motion to hold AbrahamsenGrant, LLC jointly and severally liable for the sanctions previously imposed upon Mr. Abrahamsen be granted, and that the Law Firm be ordered to pay the $16,162.10 of sanctions still due to plaintiffs.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: April 14, 2022
   Brooklyn, New York

                     *Cheryl L. Pollak*
                     CHERYL L. POLLAK
                     United States Magistrate Judge
                     Eastern District of New York