Clerk's Office
Filed Date: 9/8/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE MOSAIC AND
TERRAZZO WELFARE, PENSION,
ANNUITY, AND VACATION FUNDS and
TRUSTEES OF THE BRICKLAYERS &
TROWEL TRADES INTERNATIONAL
PENSION FUND,

               Plaintiffs,

   -against-

ELITE TERRAZZO FLOORING, INC. and
PICNIC WORLDWIDE LLC,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-cv-01471 (CBA) (CLP)

**AMON, United States District Judge:**

On March 9, 2018, Trustees of the Mosaic and Terrazzo Welfare, Pension, Annuity, and Vacation Funds and Trustees of the Bricklayers & Trowel Trades International Pension Fund ("Plaintiffs") filed suit against Elite Terrazzo Flooring, Inc. and Picnic Worldwide LLC ("Defendants"). Plaintiffs alleged violations of Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 and Section 301 of the Labor Management Relations Act of 1947 and sought to collect delinquent employer contributions to a group of employee benefit plans as well as declaratory and other related relief. (ECF Docket Entry ("D.E.") # 1.) This decision addresses Plaintiffs' motion to hold an additional law firm controlled by Defendants' former counsel, Richard Abrahamsen ("Abrahamsen"), jointly and severally liable for sanctions imposed upon Abrahamsen on March 11, 2020. (D.E. # 109.) On April 14, 2022, Chief United States Magistrate Judge Cheryl L. Pollak issued a report and recommendation ("R&R") recommending that I grant that motion, and that the law firm be ordered to pay the $16,162.10 still due to Plaintiffs. (D.E. # 114 (the "R&R").) For the reasons that follow, the Court adopts the R&R to the extent it finds AbrahamsenGrant, LLC jointly and severally liable for $10,270.

1

## BACKGROUND

On January 23, 2019, Abrahamsen informed the Court of his intent to file a motion to compel arbitration. (D.E. # 50.) He argued that the collective bargaining agreement between Defendants and Chemical Product Decorative Finisher Masons Workers Association Local No. 7 of New York, New Jersey & Vicinity of the International Union of Bricklayers and Allied Craftworks (the "Union"), to which Plaintiffs are third-party beneficiaries, requires arbitration of their dispute. (D.E. # 60-2.) On March 1, 2019, Plaintiffs filed a motion for sanctions against Abrahamsen and his law firm, the Abrahamsen Law Firm LLC, arguing that his motion lacked a reasonable basis in fact or law and seeking, among other things, attorneys' fees for the cost of responding to the motion. (D.E. # 55; D.E. # 56; D.E. # 57.) I granted the motion for sanctions on June 5, 2019 and ordered Abrahamsen to pay Plaintiffs $11,784.19 by June 19, 2019. (D.E. # 62.)

Abrahamsen paid Plaintiffs only part of the $11,784.19 in sanctions. On July 8, 2019, Plaintiffs filed a motion for contempt due in part to Abrahamsen's failure to pay the sanctions in full. (D.E. # 65.) On November 25, 2019, Chief Magistrate Judge Pollak ordered Defendants to show cause why Plaintiffs' request for sanctions should not be imposed. On December 5, 2019, Abrahamsen filed a letter with the Court requesting permission to move to withdraw as counsel for Defendants. (D.E. # 77.) On December 16, 2019, Chief Magistrate Judge Pollak held a hearing on the order to show cause that neither Abrahamsen nor Defendants attended. (D.E. # 78.) On February 20, 2020, Chief Magistrate Judge Pollak issued a report and recommendation, which recommended that I grant Abrahamsen's motion to withdraw subject to his payment of the outstanding $5,892.10 balance of his June 5, 2019 sanctions. Chief Magistrate Judge Pollak also recommended additional sanctions against Abrahamsen due to his failure to pay the full balance

of the June 5, 2019 sanctions, his misrepresentations to the Court, his disregard of court orders, and his interference with discovery. (D.E. # 84.) On March 11, 2020, I adopted Chief Magistrate Judge Pollak's report and recommendation in full. (D.E. # 85.)

Between his outstanding sanctions from the June 5, 2019 Order and the additional sanctions imposed under the March 11, 2020 Order, Abrahamsen was ordered to pay Plaintiffs a sum of $16,162.10. (D.E. # 105 at 3.) Abrahamsen has yet to pay any of these sanctions. On December 11, 2020, Plaintiffs filed a motion to hold Abrahamsen's law firms, Abrahamsen Law, LLC, and Richard J. Abrahamsen Law Firm LLC, jointly and severally liable for the sanctions imposed against Abrahamsen. (D.E. # 96.) I referred that motion to Chief Magistrate Judge Pollak for report and recommendation. Chief Magistrate Judge Pollak submitted a report and recommendation on August 2, 2021, which recommended granting Plaintiffs' motion to hold Abrahamsen's law firms jointly and severally liable for the sanctions. (D.E. # 105.) On September 15, 2021, I adopted Chief Magistrate Judge Pollak's report and recommendation in full. (D.E. # 106.)

Abrahamsen still failed to pay the sum owed. On October 22, 2021, Plaintiffs filed a motion to hold an additional law firm allegedly controlled by Abrahamsen—AbrahamsenGrant, LLC—jointly and severally liable for the unpaid sanctions. (D.E. # 109.) Plaintiffs argued that AbrahamsenGrant, LLC should be held liable for the sanctions Abrahamsen incurred while he was a partner there, from September 30, 2019 to the present: $10,270. (Id. at 2.) I referred that motion to Chief Magistrate Judge Pollak for report and recommendation. On April 14, 2022, Chief Magistrate Judge Pollak issued the R&R, recommending that Plaintiffs' motion to hold AbrahamsenGrant, LLC jointly and severally liable for Abrahamsen's violations of Rule 11(b) be granted, and that the law firm be ordered to pay the $16,162.10 still due to Plaintiffs. (R&R 6.)

On April 26, 2022, Abrahamsen timely objected to the R&R. (D.E. # 115 ("Obj.").) In his objection, Abrahamsen contends that: the R&R's factual background is "inaccurate"; the two sets of sanctions I initially imposed were an abuse of discretion, in part because the Court "was apparently not interested" in analyzing a legal issue underpinning Defendants' motion to compel arbitration; and the entire case "has been res judicata" since 2015, when Plaintiffs obtained a consent judgment in state court. (Id. at 2-4, 6.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of a report and recommendation "to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. UPS, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Where a timely objection has been made, however, the court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations." See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." (emphasis added)). "[T]he objections must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Lilakos v. New York City, No. 14-cv-05288 (PKC) (LB), 2016 WL 5928674, at *2 (E.D.N.Y. Sept. 30, 2016) (quoting McDonaugh v. Astrue, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)).

## DISCUSSION

To begin with, Abrahamsen's meandering objection challenges court orders at every stage of this case's lengthy history but does not challenge the narrow legal issue addressed in the R&R: whether to hold AbrahamsenGrant, LLC jointly and severally liable for Abrahamsen's violations of Rule 11(b).

Abrahamsen's arguments fall into roughly three categories, all of which are untethered to the R&R now under consideration. First, Abrahamsen argues that the sanctions imposed pursuant to the June 5, 2019 and March 11, 2020 Orders were "unjust" and an "abuse of discretion" because, among other things, he "requested and received permission to file the motion [to compel arbitration]," and the argument he advanced in that motion "had not been definitively decided." (Obj. 2-5.) Abrahamsen also contends that it was an abuse of discretion to increase his sanctions when he had evinced an intent to withdraw as counsel. (See id. at 6; see also id. at 1 (emphasizing that Abrahamsen "has not represented" Defendants "since the client's relationship with the firm was terminated in 2019").) These arguments are nothing more than a request to reconsider the June 5 and March 11 sanctions orders. Abrahamsen did not move to reconsider those orders when it would have been procedurally proper to do so. Abrahamsen also did not oppose Plaintiffs' motion to hold two other law firms controlled by him jointly and severally liable, (see D.E. # 96), attend a hearing on the order to show cause connected with that motion, or object to Chief Magistrate Judge Pollak's March 3, 2021 report and recommendation recommending that the motion be granted. (D.E. # 99.)

Next, Abrahamsen argues that the entire case "has been res judicata since June 5, 2015," the date that Plaintiffs obtained a consent judgment in state court for certain unpaid contributions pursuant to a settlement agreement. (Obj. 2, 4.) Finally, Abrahamsen appears to again argue the

5

merits of his motion to compel arbitration by contending that Plaintiffs are alter egos of the Union. (See id. at 3, 5.) Neither argument pertains to the R&R under consideration.

The requirement that objections be specific and clearly aimed at particular findings in the R&R ensures "that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." See Pinkney v. Progressive Home Health Servs., No. 06-cv-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Abrahamsen fails to object to Chief Magistrate Judge Pollak's recommendations in the R&R: (1) that Plaintiffs' motion to hold AbrahamsenGrant, LLC jointly and severally liable for the sanctions previously imposed upon Abrahamsen be granted, and (2) the sum of the sanctions for which AbrahamsenGrant, LLC can be held jointly and severally liable. (R&R 6.)

Because I find that Abrahamsen has failed to articulate specific objections that are "clearly aimed at particular findings in the magistrate judge's proposal," I review Chief Magistrate Judge Pollak's R&R for clear error.[1] Perez v. Lee, No. 14-cv-5763 (JPO), 2018 WL 740995, at *2 (S.D.N.Y. Feb. 7, 2018) (quoting McDonaugh, 672 F. Supp. 2d at 547). I have reviewed the record, and, finding no clear error, I adopt the R&R to the extent it finds AbrahamsenGrant, LLC jointly and severally liable for $10,270,[2] representing the sanctions incurred by Abrahamsen while a partner at the firm.

---

[1] I would reach the same result under de novo review.
[2] Although the R&R recommends holding AbrahamsenGrant, LLC liable for $16,162.10, representing the entirety of the sanctions incurred by Abrahamsen in this matter, (R&R 6), Plaintiffs' motion requests only the $10,270 incurred after the firm's inception.

## CONCLUSION

Accordingly, I grant Plaintiffs' motion to hold AbrahamsenGrant, LLC jointly and severally liable for the sanctions previously imposed upon Abrahamsen, in an amount of $10,270.

SO ORDERED.

Dated: September 8, 2022
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge